**LaMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Joseph S. Maniscalco, Esq.
Holly Rai, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                                          Chapter 7

INNOVEST HOLDINGS, LLC,                                  Case No. 13-22748-RDD

                Debtor.
-----------------------------------------------------------------x

**APPLICATION FOR ORDER DIRECTING THE PRODUCTION OF DOCUMENTS BY, AND ORAL EXAMINATION OF, INNOVEST HOLDINGS, LLC, BY ROMAN SLEDZIEJOWSKI, PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

To:    HONORABLE ROBERT D. DRAIN
         UNITED STATES BANKRUPTCY JUDGE

The application (the "Application") of Marianne T. O'Toole, the Chapter 7 Trustee (the "Trustee") of the estate of Innovest Holdings, LLC (the "Debtor"), by her counsel, LaMonica Herbst & Maniscalco, LLP, seeks entry of an Order, pursuant to § 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), directing the Debtor to produce certain records, documents, and electronic files that are in the Debtor's possession, custody or control, and directing the oral examination of the Debtor, by Roman Sledziejowski ("Sledziejowski"). In support of the Application, the Trustee respectfully sets forth and represents as follows:

**JURISDICTION AND STATUTORY PREDICATES**

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.    This is a core proceeding pursuant to 28 U.S.C. § 157(b) (2) (A).

3.  The statutory predicates for the relief requested herein are Bankruptcy Code § 105(a) and Bankruptcy Rule 2004.

## PROCEDURAL BACKGROUND

4.  On May 10, 2013, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York.

5.  By Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines dated May 10, 2013 [Dkt. No. 2], Marianne T. O'Toole was appointed as the interim Chapter 7 Trustee of the Debtor's estate. By operation of law, Marianne T. O'Toole became the permanent trustee of the Debtor's estate.

## FACTUAL BACKGROUND

6.  The Debtor was formed in Delaware as a limited liability company in or around July 2006.

7.  According to a document titled "LLC Agreement of Innovest Holdings LLC" dated July 24, 2006, Sledziejowski is the 100% member of the Debtor.

8.  On June 13, 2013, Sledziejowski appeared at the Bankruptcy Code § 341(a) meeting of creditors on behalf of the Debtor and testified under oath (the "341 Meeting"). At the 341 Meeting, Sledziejowski testified, among other things, that he was the director of the Debtor and that the Debtor had no employees. When questioned about whether anyone helped him with the Debtor's operations, Sledziejowski plead the Fifth Amendment.

9.  Sledziejowski further testified at the 341 Meeting that the Debtor's books and records were located at 739 Manhattan Avenue, Brooklyn, New York (the "Manhattan Avenue Premises"). However, Trustee's undersigned counsel inspected the Manhattan Avenue Premises

2

both prior to and after the Petition Date and no records relating to the Debtor were located on either occasion. To date, other than a handful documents relating to the Debtor's formation, i.e., the Debtor's Certificate of Formation, notice regarding the assignment of a employer identification number and the limited liability company agreement, which were turned over the Trustee in connection with Sledziejowski's personal bankruptcy case, no other documents relating to the Debtor's financial affairs have been turned over to the Trustee by the Debtor.

10. Moreover, the Trustee demanded the turnover of five years' worth of bank statements from the Debtor at the 341 Meeting, none of which have been produced. The Trustee has reviewed certain bank statements for accounts held by the Debtor, but the Trustee has reason to believe that there may be other bank accounts of the Debtor, both domestically and internationally, which were not disclosed by the Debtor.

11. Based upon the above, the Trustee determined that a more in-depth investigation and analysis is appropriate and necessary.

**RELIEF REQUESTED AND BASIS FOR RELIEF REQUESTED**

12. This Application is made pursuant to Bankruptcy Rule 2004 for the entry of an Order directing the Debtor to produce certain records, documents, and electronic files that are in the Debtor's possession, custody or control, and directing the examination, under oath, of the Debtor by Sledziejowski. A proposed Order is annexed as Exhibit A (the "2004 Order").

13. Bankruptcy Rule 2004 provides that "[o]n motion of any party in interest, the court may order the examination of any entity." FED. R. BANKR. P. 2004(a). Parties in interest generally include, inter alia, the trustee. 9 Collier on Bankruptcy ¶ 2004.02[6]. Bankruptcy Rule 2004 further provides that "[t]he examination of an entity under this rule . . . may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any

3

matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." FED. R. BANKR. P. 2004(b); see also In re Drexel Burnham Lambert Grp., Inc., 123 B.R. 702, 708 (Bankr. S.D.N.Y. 1991) (explaining that Rule 2004 allows a trustee in a Chapter 7 case to quickly discover crucial information regarding the debtor's estate).

14. To further her investigation into the Debtor's financial affairs and assess whether there exist claims for relief that should be brought for the benefit of creditors, the Trustee believes it is necessary to effectuate a turnover of the records, documents and electronic files that are within the possession, custody or control of the Debtor. Specifically and as set forth in the 2004 Order, the Trustee seeks turnover of the following records, documents and electronic files from the Debtor:

   a. Documents, books, and records pertaining to the formation of the Debtor including, but not limited to, organizational documents, operating agreements, and management agreements;

   b. Documents, books, and records pertaining to initial investment in, or additional capital contributions to, the Debtor from inception to the present;

   c. Copies of all documents, books and records pertaining to insurance policies held in the name of or on behalf of the Debtor, including, but not limited to, insurance certificates, from May 1, 2009 to the present;

   d. Copies of all documents in which the Debtor executed a promissory note as maker or payee during the period May 1, 2009 to the present;

   e. Copies of all federal, state and local income tax returns filed by, or on behalf of, the Debtor for the years 2009, 2010, 2011 and 2012;

   f. Copies of all documents, books and records pertaining to any bank accounts held by the Debtor, or in which the Debtor maintained an interest in, either internationally or domestically, including, but not limited to, bank statements, correspondence, copies of all canceled checks, wire transfers, authorized signatory agreements, and any documents relating to contribution or withdrawal from any such accounts, from May 1, 2009 to the present;

   g. Copies of all loan agreements, notes or other security instruments executed by or on behalf of the Debtor in favor of any other party from May 1, 2009 to the present;

4

  h.  Copies of all documents, agreements, understandings with any party, entity, corporation, partnership or otherwise related to the Debtor's ownership interest in any real property or personal property located in the United States, Poland or any other country;

  i.  Copies of all lease agreements between the Debtor and any landlord during the period May 1, 2009 to the present for any property located in the United States, Poland or any other country;

  j.  Documents, books, and records pertaining to any contracts or agreements entered into by the Debtor and one or more of the following entities: Adamba Imports, Adamba Imports International, Concentpol Limited, J.M. Inwest, JM Property SP Z.O.O. SP.K, Lebowitz Partners Ltd., MJW Investment Company, NDV Investment Company , ROM Investment Company, and/or Ryna Capital, Inc., including, but not limited to, copies of any such contracts or agreements, any amendments or changes thereto, reasons for any such amendments or changes, and documents relating to negotiations of such contracts and agreements, and amendments and changes to such contracts and agreements, from May 1, 2009 to the present;

  k.  Documents, books, and records pertaining to any debts owed by the Debtor to Adamba Imports, Adamba Imports International, Concentpol Limited, J.M. Inwest, JM Property SP Z.O.O. SP.K, Lebowitz Partners Ltd., MJW Investment Company, NDV Investment Company , ROM Investment Company, and/or Ryna Capital, Inc., including, but not limited to, evidence of payments made by the Debtor to Adamba Imports, Adamba Imports International, Concentpol Limited, J.M. Inwest, JM Property SP Z.O.O. SP.K, Lebowitz Partners Ltd., MJW Investment Company, NDV Investment Company , ROM Investment Company, and/or Ryna Capital, Inc. on account of such debts, and copies of any agreements, contracts, promissory notes, or other documents memorializing such debts, including any amendments or changes to such documents, reasons for such amendments or changes, and documents relating to negotiation of any such amendment or change, from May 1, 2009 to the present;

  l.  Documents, books, and records pertaining to any contracts or agreements entered into by the Debtor with MJW Investment Company, including, but not limited to, copies of any such contracts or agreements, any amendments or changes thereto, reasons for any such amendments or changes, and documents relating to negotiations of such contracts and agreements, and amendments and changes to such contracts and agreements, from May 1, 2009 to the present;

  m.  Documents, books, and records pertaining to any contracts or agreements entered into by the Debtor with Grupa ADV, including, but not limited to, copies of any such contracts or agreements, any amendments or changes thereto, reasons for any such amendments or changes, and documents relating to negotiations of such contracts and agreements, and amendments and changes to such contracts and agreements, from May 1, 2009 to the present

5

n.  Documents, books, and records pertaining to any credit card accounts maintained by the Debtor for which Roman Sledziejowski had signature authority, or was in any manner authorized to use, including, but not limited to, copies of all account statements, from May 1, 2009 to the present;

o.  Documents, books, and records pertaining to the relationship between the Debtor and Adamba Imports, Adamba Imports International, Concentpol Limited, J.M. Inwest, JM Property SP Z.O.O. SP.K, Lebowitz Partners Ltd., MJW Investment Company, NDV Investment Company, ROM Investment Company, and/or Ryna Capital, Inc., including, but not limited to, copies of all documents, memoranda, notes, emails, and correspondence between the Debtor and one or more of such parties from May 1, 2009 to the present;

p.  Documents, books, and records pertaining to any payments, expenses, services or otherwise, made by the Debtor to, or for the benefit of, Roman Sledziejowski, Viet Ha Do, Paul Folkes and/or Wieslaw Zamora from May 1, 2009 to the present;

q.  Documents, books, and records pertaining to any contracts or agreements entered into by the Debtor with any entity outside the United States, including, but not limited to, copies of any such contracts or agreements, any amendments or changes thereto, reasons for any such amendments or changes, and documents relating to negotiations of such contracts and agreements, and amendments and changes to such contracts and agreements, from May 1, 2009 to the present.

r.  All documents, agreements, understandings or records with respect to payments made by the Debtor to any of the following:

   i.  Lebowitz Partners, Inc.;
   ii.  Grupa ADV;
   iii.  John and Alicja Czaplinski;
   iv.  RML Development, Inc.;
   v.  TWS Financial;
   vi.  Julian Galvez;
   vii.  Reed, Griffith & Moran;
   viii.  Elzbieta Sledziejowski;
   ix.  Bernadetta Sledziejowska;
   x.  Roman Sledziejowski;

6

      xi.    Pol Marketing, Inc.;

      xii.    Top Consulting;

      xiii.    Faust Oppenheim, LLP;

      xiv.    Evangelos Evangelou;

      xv.    Stanley and Alicja Pajak;

      xvi.    Viet Ha Do;

      xvii.    Kulczyk Holding S.A.; and

      xviii.    Sebastian Kulczyk.

    s.    All other documents reasonably requested by the Trustee during the Debtor's examination relating to the Debtor or its financial affairs.

and, it is further

15.    The production of the documents set forth above is essential to the Trustee's thorough investigation of the Debtor's financial affairs, the existence of potential claims for relief, and to the proper, effective, and efficient administration of the Debtor's estate.

16.    Under the 2004 Order, responsive documents are to be turned over to the Trustee's counsel by the date set forth in a subpoena issued in accordance with Federal Rule of Civil Procedure 45, made applicable by Bankruptcy Rules 9016 and 2004 (the "Subpoena"). The Subpoena will provide the Debtor with not less than twenty (20) days for the production of documents following receipt of the Subpoena.

17.    Furthermore, the Trustee respectfully requests that, in accordance with Federal Rule of Civil Procedure 45, service of the Subpoena and 2004 Order by first class mail upon the Debtor, care of Sledziejowski and Debtor's counsel, or such other address as the Trustee may subsequently discover, be deemed good and proper service of the 2004 Order and Subpoena.

18.    By virtue of the foregoing, the Trustee respectfully submits that she is entitled to the relief requested herein.

7

19. The Trustee has not previously filed an application for the relief sought herein to this or any other Court.

**WHEREFORE,** the Trustee respectfully requests that the Court enter the 2004 Order and grant the Trustee such other and further relief as the Court deems just and proper.

Dated: December 4, 2013
Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Counsel to Marianne T. O'Toole, as Trustee

By: *s/ Joseph S. Maniscalco*
Joseph S. Maniscalco, Esq.
Holly Rai, Esq.
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500