UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                                                  Chapter 7

INNOVEST HOLDINGS, LLC,                                      Case No. 13-22748-RDD

               Debtor.
-----------------------------------------------------------------x

**ORDER DIRECTING THE PRODUCTION OF DOCUMENTS
BY, AND ORAL EXAMINATION OF, INNOVEST HOLDINGS, LLC, BY ROMAN
SLEDZIEJOWSKI, PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF
<u>BANKRUPTCY PROCEDURE</u>**

      Upon the application, dated December 4, 2013 (the "Motion") of Marianne T. O'Toole, the Chapter 7 trustee (the "Trustee") of the estate of Innovest Holdings, LLC (the "Debtor"), through her attorneys, LaMonica Herbst & Maniscalco, LLP ("LH&M"), seeking the entry of an order, pursuant to § 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), directing the Debtor, through Roman Sledziejowski, to produce certain records, documents, and electronic files that are in the Debtor's possession, custody or control, and directing the oral examination of the Debtor, by Roman Sledziejowski, under oath; and good and sufficient cause appearing; and no additional notice being required except as set forth herein, it is hereby

      **ORDERED,** that, pursuant to Bankruptcy Rule 2004, the Application is granted as provided herein; and it is further

      **ORDERED,** that pursuant to Bankruptcy Rule 9016, LH&M, as officers of the Court, are authorized and directed to issue a subpoena and document request (the "Subpoena") authorizing and directing the examination of the Debtor, by Roman Sledziejowski, and directing the production of documents, records and electronic files as set forth herein in accordance with Rule 45 of the Federal Rules of Civil Procedure; and it is further

**ORDERED,** that the Debtor, by Roman Sledziejowski, is directed to appear for an examination, under oath, under Bankruptcy Rule 2004 on the date set forth in the Subpoena to be issued by LH&M, which appearance shall not be less than thirty (30) days after the issuance and service of the Subpoena; and it is further

**ORDERED**, that the Debtor is directed to produce for examination and inspection to LH&M at 3305 Jerusalem Avenue, Wantagh, New York 11793, Attn: Holly Rai, Esq., the following records, documents, and electronic files that are in the Debtor's possession, custody or control:

a. Documents, books, and records pertaining to the formation of the Debtor including, but not limited to, organizational documents, operating agreements, and management agreements;

b. Documents, books, and records pertaining to initial investment in, or additional capital contributions to, the Debtor from inception to the present;

c. Copies of all documents, books and records pertaining to insurance policies held in the name of or on behalf of the Debtor, including, but not limited to, insurance certificates, from May 1, 2009 to the present;

d. Copies of all documents in which the Debtor executed a promissory note as maker or payee during the period May 1, 2009 to the present;

e. Copies of all federal, state and local income tax returns filed by, or on behalf of, the Debtor for the years 2009, 2010, 2011 and 2012;

f. Copies of all documents, books and records pertaining to any bank accounts held by the Debtor, or in which the Debtor maintained an interest in, either internationally or domestically, including, but not limited to, bank statements, correspondence, copies of all canceled checks, wire transfers, authorized signatory agreements, and any documents relating to contribution or withdrawal from any such accounts, from May 1, 2009 to the present;

g. Copies of all loan agreements, notes or other security instruments executed by or on behalf of the Debtor in favor of any other party from May 1, 2009 to the present;

h. Copies of all documents, agreements, understandings with any party, entity, corporation, partnership or otherwise related to the Debtor's ownership interest in any real property or personal property located in the United States, Poland or any other country;

i. Copies of all lease agreements between the Debtor and any landlord during the period May 1, 2009 to the present for any property located in the United States, Poland or any other country;

j. Documents, books, and records pertaining to any contracts or agreements entered into by the Debtor and one or more of the following entities: Adamba Imports, Adamba Imports International, Concentpol Limited, J.M. Inwest, JM Property SP Z.O.O. SP.K, Lebowitz Partners Ltd., MJW Investment Company, NDV Investment Company , ROM Investment Company, and/or Ryna Capital, Inc., including, but not limited to, copies of any such contracts or agreements, any amendments or changes thereto, reasons for any such amendments or changes, and documents relating to negotiations of such contracts and agreements, and amendments and changes to such contracts and agreements, from May 1, 2009 to the present;

k. Documents, books, and records pertaining to any debts owed by the Debtor to Adamba Imports, Adamba Imports International, Concentpol Limited, J.M. Inwest, JM Property SP Z.O.O. SP.K, Lebowitz Partners Ltd., MJW Investment Company, NDV Investment Company , ROM Investment Company, and/or Ryna Capital, Inc., including, but not limited to, evidence of payments made by the Debtor to Adamba Imports, Adamba Imports International, Concentpol Limited, J.M. Inwest, JM Property SP Z.O.O. SP.K, Lebowitz Partners Ltd., MJW Investment Company, NDV Investment Company , ROM Investment Company, and/or Ryna Capital, Inc. on account of such debts, and copies of any agreements, contracts, promissory notes, or other documents memorializing such debts, including any amendments or changes to such documents, reasons for such amendments or changes, and documents relating to negotiation of any such amendment or change, from May 1, 2009 to the present;

l. Documents, books, and records pertaining to any contracts or agreements entered into by the Debtor with MJW Investment Company, including, but not limited to, copies of any such contracts or agreements, any amendments or changes thereto, reasons for any such amendments or changes, and documents relating to negotiations of such contracts and agreements, and amendments and changes to such contracts and agreements, from May 1, 2009 to the present;

m. Documents, books, and records pertaining to any contracts or agreements entered into by the Debtor with Grupa ADV, including, but not limited to, copies of any such contracts or agreements, any amendments or changes thereto, reasons for any such amendments or changes, and documents relating to negotiations of such contracts and agreements, and amendments and changes to such contracts and agreements, from May 1, 2009 to the present

n. Documents, books, and records pertaining to any credit card accounts maintained by the Debtor for which Roman Sledziejowski had signature authority, or was in any manner authorized to use, including, but not limited to, copies of all account statements, from May 1, 2009 to the present;

o. Documents, books, and records pertaining to the relationship between the Debtor and Adamba Imports, Adamba Imports International, Concentpol Limited, J.M. Inwest, JM Property SP Z.O.O. SP.K, Lebowitz Partners Ltd., MJW Investment Company, NDV Investment Company, ROM Investment Company, and/or Ryna Capital, Inc., including, but not limited to, copies of all documents, memoranda, notes, emails, and correspondence between the Debtor and one or more of such parties from May 1, 2009 to the present;

p. Documents, books, and records pertaining to any payments, expenses, services or otherwise, made by the Debtor to, or for the benefit of, Roman Sledziejowski, Viet Ha Do, Paul Folkes and/or Wieslaw Zamora from May 1, 2009 to the present;

q. Documents, books, and records pertaining to any contracts or agreements entered into by the Debtor with any entity outside the United States, including, but not limited to, copies of any such contracts or agreements, any amendments or changes thereto, reasons for any such amendments or changes, and documents relating to negotiations of such contracts and agreements, and amendments and changes to such contracts and agreements, from May 1, 2009 to the present.

r. All documents, agreements, understandings or records with respect to payments made by the Debtor to any of the following:

   i. Lebowitz Partners, Inc.;

   ii. Grupa ADV;

   iii. John and Alicja Czaplinski;

   iv. RML Development, Inc.;

   v. TWS Financial;

   vi. Julian Galvez;

   vii. Reed, Griffith & Moran;

   viii. Elzbieta Sledziejowski;

   ix. Bernadetta Sledziejowska;

   x. Roman Sledziejowski;

   xi. Pol Marketing, Inc.;

   xii. Top Consulting;

   xiii. Faust Oppenheim, LLP;

4

      xiv.    Evangelos Evangelou;

      xv.    Stanley and Alicja Pajak;

      xvi.    Viet Ha Do;

      xvii.    Kulczyk Holding S.A.; and

      xviii.    Sebastian Kulczyk.

  s. All other documents reasonably requested by the Trustee during the Debtor's examination relating to the Debtor or its financial affairs;

provided, however, that the Debtor need not produce any such document, file or electronic record if the Debtor has previously produced such document, file or record to the Trustee; provided, further, that the Debtor provide a list of any such documents, files or records that the Debtor contends it has previously produced to the Trustee, which shall accompany the foregoing document production; and it is further

**ORDERED**, that the foregoing is without prejudice to the assertion of any applicable privilege; provided, that the Debtor produce a proper privilege log accompanying the production; and it is further

**ORDERED**, that, except as agreed by the parties or as ordered by the Court presiding over any adversary proceeding currently pending in this case, the foregoing documents shall not be used in such adversary proceeding unless obtained in another manner than under this order; and it is further

**ORDERED**, that twenty (20) days' notice for the production of the records, documents, and electronic files that shall be deemed good and sufficient notice of the production of such records, documents and electronic files; and it is further

**ORDERED**, that service of a copy of this Order and a Subpoena by first class mail upon the Debtor at Sledziejowski's last known address, or such other address as the Trustee may

subsequently discover, and to the Debtor's counsel shall be deemed good and sufficient notice and service of this Order and the Subpoena; and it is further

**ORDERED,** that the examination of the Debtor shall continue from day to day until it is completed; and it is further

**ORDERED,** that the Trustee is authorized and empowered to expend such funds and execute and deliver any and all documents as reasonably necessary to implement the terms of this Order.

Dated: December 6, 2013
      White Plains, New York

/s/Robert D. Drain
Honorable Robert D. Drain
United States Bankruptcy Judge